BROWN, WHITE & NEWHOUSE LLP
THOMAS M. BROWN (Bar No. 117449)
tbrown@brownwhitelaw.com
NANNINA L. ANGIONI (Bar No. 238052)
nangioni@brownwhitelaw.com
SYDNEY M. MEHRINGER (Bar No. 245282)
smehringer@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213-613-0500
Facsimile:  213-613-0550

Attorneys for Defendants
CITY OF BELL, CITY OF BELL POLICE DEPARTMENT, ROBERT RIZZO, BRUCE D. PRAET, ANDY PROBST, MICHAEL CHAVEZ, ANTHONY MIRANDA, STEVE FINKELSTEIN, and SERGIO CAMACHO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT "LEO" MCSWEENEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BELL, A Public Entity; CITY OF BELL POLICE DEPARTMENT, A Public Agency; ROBERT RIZZO, as City Manager; BRUCE D. PRAET, In his Capacity As the City Attorney; ANDY PROBST, Individually and as Chief of Police; MICHAEL CHAVEZ, Individually and as the Assistance Chief of Police; ANTHONY MIRANDA, Individually and as a Captain; STEVE FINKELSTEIN, Individually and as a Captain; SERGIO CAMACHO, Individually and as a Lieutenant; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 08-7006-JFW (PLAx)<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION:**<br><br>(1) **TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), OR ALTERNATIVELY**<br><br>(2) **FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**<br><br>Complaint Filed: October 23, 2008<br><br>Date: March 16, 2009<br>Time: 1:30 p.m. |

**TO THIS HONORABLE COURT, ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on March 16, 2009 at p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable John F. Walter of the above-entitled court, located at 312 N. Spring Street, Los Angeles, California 90012, Defendants City of Bell, City of Bell Police Department, Robert Rizzo, Andy Probst, Michael Chavez, Anthony Miranda, Steve Finkelstein, and Sergio Camacho will and hereby do move the court as follows:

(1) for an order pursuant to Federal Rule of Civil Procedure 12(b)(6) dismissing Plaintiff's First Amended Complaint as against all Defendants for failure to state a claim upon which relief can be granted; or alternatively

(2) for an order pursuant to Federal Rule of Civil Procedure 12(e) requiring Plaintiff to provide a more definite statement of his claims.

This Motion is made on the grounds that the Plaintiff Robert "Leo" McSweeney ("Plaintiff") has not plead a claim for relief for violation of USERRA against Defendants. Alternatively, because Plaintiff has defied this Court's specific instructions and engaged in vague and undifferentiated group allegations rather than stating which Defendant did what, Defendants respectfully request that the Court order Plaintiff provide a more definite statement pursuant to Federal Rule of Civil Procedure 12(e).

Plaintiff's sole claim for relief in the First Amended Complaint (the "FAC"), for violation of USERRA, is defective as to each Defendant. It is defective as to Defendants Michael Chavez, Anthony Miranda, Steve Finkelstein, and Sergio Camacho because Plaintiff does not state facts showing that their employer, the City of Bell, delegated pertinent employment-related responsibilities to them. The FAC is defective as to the remaining Defendants because Plaintiff does not explain what each of them allegedly did. The Court previously ordered Plaintiff to allege specifically what each Defendant did, and to avoid group pleading allegations.

Plaintiff ignored and defied this specific order and repeated exactly the same allegations he offered in his original Complaint. Plaintiff has done nothing to comply with the Court's orders and, even after extensive meet and confer efforts, refuses to amend his FAC to omit group pleading allegations and specifically allege what actions each Defendant undertook to violate USERRA.

    Therefore, if the Court does not dismiss the FAC in its entirety, or dismisses it only with respect to some Defendants, the Court should order Plaintiff to produce a more definite statement so that Defendants can reasonably prepare a response.

    This Motion is based upon the attached Memorandum of Points and Authorities, the files and records of this case, and upon such further argument as the Court may permit at the hearing of the matter.

    Defendants make this Motion following meet and confer efforts of counsel pursuant to Local Rule 7-3 on November 21, November 26, December 12, and December 22, 2008 and February 6, February 10, and February 11, 2009. During the course of these meet and confer efforts, Plaintiff's counsel refused to dismiss the FAC as against Defendants or comply with this Court's order that the FAC omit group pleading allegations and instead clearly state each defendant's actions upon which Plaintiff claims he is due relief.

DATED: February 17, 2009    Respectfully submitted,

BROWN, WHITE & NEWHOUSE LLP

By _____
THOMAS M. BROWN
NANNINA L. ANGIONI
SYDNEY M. MEHRINGER

Attorneys for Defendants
CITY OF BELL, CITY OF BELL POLICE DEPARTMENT, ROBERT RIZZO, BRUCE D. PRAET, ANDY PROBST, MICHAEL CHAVEZ, ANTHONY MIRANDA, STEVE FINKELSTEIN, and SERGIO CAMACHO

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

By this Motion, Defendants ask the Court to dismiss Plaintiff's First Amended Complaint (the "FAC"), which asserts one claim for relief for violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, for failure to state a claim upon which relief can be granted.. The FAC fails to allege specifically what actions each Defendant undertook to violate USERRA. Moreover, with respect to Defendants Michael Chavez, Anthony Miranda, Steve Finkelstein, and Sergio Camacho, Plaintiff does not state facts establishing that they qualify as employers under USERRA, and thus does not state a claim against them. .

Alternatively, Defendants ask this Court to order a more definite statement as to the allegations supporting Plaintiff's USERRA claim for relief. At the January 12, 2009 Status Conference, this Court expressly ordered Plaintiff to file an amended complaint that did not include group pleading allegations and that specifically alleged what each Defendant did to give rise to Plaintiff's claim for relief. Despite these clear instructions, and Defendants' extensive meet and confer efforts, Plaintiff repeats his vague and undifferentiated group pleading allegations nearly verbatim from his original Complaint, and has refused clarify the basis of each Defendant's alleged liability for violation of USERRA. The allegations supporting Plaintiff's FAC are so vague and ambiguous that Defendants cannot reasonably prepare a response. Thus, if the Court does not dismiss the FAC in its entirety, or only dismisses it as against some of the Defendants, the Court should also order a more definite statement as to Plaintiff's unintelligible claim.

///
///
///

## II.

## **PERTINENT ALLEGATIONS**

The FAC alleges as follows: Plaintiff is a former police officer for the City of Bell ("City"). The City hired him in March 2004. FAC ¶ 29. In October 2004, Plaintiff became a member of the Marine Corps reserves. *Id.* at ¶ 30. He was summoned for active duty in June 2005 and left to serve in Iraq in September 2005. *Id.* at ¶¶ 32 and 34. Plaintiff returned to his position with the City in June 2006. *Id.* at ¶ 34 (sic).[1] Plaintiff alleges that when he returned to work, he was discriminated against and subjected to numerous adverse working conditions including being shunned and ignored during briefings and being treated like an entry-level employee. *Id.* at ¶ 39 (sic). He also alleges that he witnessed improper conduct by a City employee and that he was retaliated against for truthfully attesting to what he witnessed. *Id.* at ¶¶ 48 (sic) and 53 (sic).

The City fired Plaintiff on August 28, 2006. *Id.* at ¶ 55 (sic). He alleges that the City terminated him because of his disclosure of unlawful conduct and his military service. *Id.* at ¶ 56 (sic). Plaintiff challenged his termination and ultimately entered into a settlement agreement with the City during December 2006 (the "Settlement Agreement"). As part of the Settlement Agreement, Plaintiff was placed on paid administrative leave while he searched for another job. *Id.* at ¶ 58 (sic). In the event he did not final alternative employment, the City agreed to reinstate Plaintiff to his position as a police officer. *Ibid.*

Plaintiff did not find alternative employment and returned to work with the City on August 20, 2008. *Id.* at ¶ 69 (sic). Plaintiff worked as a police officer for approximately six weeks, during which time he alleges that he suffered harassment,

---

[1] Plaintiff misnumbers the paragraphs in the FAC. The first 37 paragraphs are properly numbered. Thereafter, Plaintiff mistakenly numbers paragraph 38 as paragraph 32 and then continues to improperly number each paragraph thereafter.
- 2 -
DEFENDANTS' MOTION TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT
OR FOR A MORE DEFINITE STATEMENT

discrimination, retaliation and defamation. *Id.* at ¶ 70 (sic). Plaintiff resigned from his position as a City police officer on October 1, 2008. *Id.* at ¶ 78 (sic).

### III.

### ARGUMENT

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims stated in the complaint. Plaintiffs must plead facts establishing their entitlement to relief. This obligation requires more than mere labels and conclusions, and more than a formulaic recitation of the elements of a claim for relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554 (2007). The Court should dismiss a claim for relief where there is either a "lack of a cognizable legal theory" *or* "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

A court should grant a motion for a more definite statement under Rule 12(e) where the complaint is so indefinite that the defendant cannot ascertain the nature of the claim being asserted. In such cases, the defendant cannot reasonably be expected to frame a proper response. *See Famolare, Inc. v. Edison Bros. Stores, Inc.*, 525 F.Supp. 940, 949 (E.D. C.A. 1981); *Cellars v. Pacific Coast Packaging, Inc.* 189 F.R.D 575, 578 (N.D. C.A. 1999). A motion for more definite statement attacks unintelligibility in a pleading, not simply mere lack of detail. Thus, the motion should be granted where the complaint is not specific enough to apprise a defendant of the substance of the claim being asserted. *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1461 (C.D. Cal. 1996).

A. **PLAINTIFF DOES NOT STATE A CLAIM FOR RELIEF FOR VIOLATION OF USERRA BECAUSE THE ALLEGATIONS FAIL TO SPECIFY WHAT EACH DEFENDANT DID TO VIOLATE USERRA AND BECAUSE PLAINTIFF DOES NOT ESTABLISH THAT DEFENDANTS MIRANDA, FINKELSTEIN, CAMACHO, AND CHAVEZ ARE EMPLOYERS AS DEFINED BY THE STATUTE**

Plaintiff has asserted his only claim for relief for violation of USERRA against all named Defendants. However, Plaintiff has not alleged facts sufficient to state a USERRA claim against any Defendant. The FAC is laden with group pleading allegations, none of which specify what each separate Defendant allegedly did to violate USERRA. For example, there is no allegation that Defendant Rizzo personally undertook any actions that violated USERRA. Likewise, the FAC fails to set forth any allegations that Defendants Probst, the City of Bell, the City of Bell Police Department, Miranda, Finkelstein, Camacho, or Chavez personally did anything in violation of USERRA.. Plaintiff cannot state a claim for relief against Defendants without specifying what each Defendant is alleged to have done. Defendants thus respectfully request that the Court dismiss Plaintiff's FAC.

Additionally, Plaintiff cannot maintain this claim against Defendants Miranda, Finkelstein, Camacho and Chavez because he cannot establish that these defendants qualify as employers under USERRA. USERRA only prohibits discrimination or adverse employment actions *by an employer* such as the City. Plaintiff has not alleged facts showing that Defendants Miranda, Finkelstein, Camacho, and Chavez are "employers" under USERRA.

USERRA defines the term "employer" as follows:

> "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including – a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities ..." 38 U.S.C. §4303(4)(A),

Plaintiff does not allege any facts about Defendants Miranda, Finkelstein, Camacho and Chavez to indicate that these Defendants had control over Plaintiff's employment opportunities or that they were persons to whom the City and the Department delegated employment related-responsibilities. Therefore, Plaintiff has

failed to state facts showing that these Defendants were his "employers," and has failed to plead USERRA adequately against them.

As to Defendant Finkelstein, Plaintiff only alleges that Finkelstein interviewed Plaintiff about the misconduct Plaintiff allegedly observed and that he interfered with Plaintiff's access to certain safety and employment gear. FAC at ¶¶ 52 (sic) and 73 (sic). Plaintiff alleges that Defendant Camacho warned Plaintiff after he returned from military leave and allegedly made rude comments about Plaintiff. *Id.* at ¶¶ 38 and 71. Plaintiff alleges that Chavez was angry about Plaintiff's military leave and that he attended the meeting where Plaintiff was terminated. *Id.* at ¶¶ 33, 36, and 55. Plaintiff's allegations do not establish or support an inference that these individuals were Plaintiff's employers under USERRA or that they had any control over Plaintiff's employment opportunities. Thus, as a matter of law, Plaintiff has not stated a USERRA claim against these Defendants.

Plaintiff's allegations regarding Defendant Miranda are insufficient because Plaintiff has not alleged that the City delegated the performance of employment-related responsibilities, such as hiring and/or firing employees, to him. Plaintiff's allegations regarding Miranda relate to supervision of Plaintiff's work schedule. Specifically, Plaintiff alleges that Miranda ordered Plaintiff to work on the graveyard shift. *Id.* at ¶ 75 (sic). Although this suggests Miranda had some limited control over Plaintiff's work schedule, it is insufficient to establish that Miranda had control over hiring and firing, as required by USERRA. 38 U.S.C. §4303(4)(A)(i); *Satterfield v. Borough of Schuylkill Haven,* 12 F.Supp.2d 423, 438 (E.D. Pa. 1998) (individual defendants had no individual power over plaintiff, as plaintiff was hired, directly supervised, and fired by town council); *Brandsasse v. City of Suffolk, Va.,* 72 F.Supp.2d 608, 618 (E.D. Va. 1999) (Director of Personnel liable under USERRA because he had hiring and firing authority.)

Plaintiff alleges that the City hired Plaintiff and Defendant Probst fired him. FAC at ¶¶ 29 and 55 (sic). Therefore Plaintiff's allegation that Miranda ordered him

- 5 -
PLAINTIFF'S FIRST AMENDED COMPLAINT
OR FOR A MORE DEFINITE STATEMENT

to remain on the graveyard shift is insufficient to hold Miranda individually liable under USERRA, as Miranda's alleged ability to influence a work schedule is not the equivalent of the power to hire or fire. Similarly, as set forth above, Plaintiff does not offer any facts suggesting that Defendants Finkelstein, Camacho, and Chavez had any control whatsoever over the Plaintiff, let alone the power to hire or fire employees. Plaintiff has not stated a claim for relief under USERRA against Defendants Miranda, Finkelstein, Camacho and Chavez. Defendants therefore respectfully request that the Court dismiss this claim for relief as against those Defendants or, alternatively, order Plaintiff to provide a more definite statement alleging factual grounds upon which his claim can stand.

**B.    THE ALLEGATIONS SUPPORTING PLAINTIFF'S ONLY CLAIM FOR RELIEF FOR VIOLATION OF USERRA ARE SO VAGUE AND AMBIGUOUS THAT DEFENDANTS CANNOT FRAME A MEANINGFUL RESPONSE, AND THIS COURT SHOULD ORDER A MORE DEFINITE STATEMENT**

To support his sole claim for relief, Plaintiff offers only group pleading allegations treating all Defendants as an undifferentiated group. These allegations are so vague and ambiguous that it is impossible to determine what each Defendant is alleged to have done to violate USERRA, and impossible to determine whether each Defendant's liability is alleged to be based on his or its own acts or on the acts of another. Plaintiff merely pleads that "Defendants" constructively terminated Plaintiff, failed to provide Plaintiff with employment benefits, deprived Plaintiff of his rights, privileges, and immunities, harassed, and retaliated and discriminated against Plaintiff. *Id.* at ¶¶ 93 (sic), 95 (sic), and 96 (sic).

These vague allegations do not attribute any specific acts or conduct to each Defendant sufficient to state a claim for violation of USERRA against them. Even when the general allegations are incorporated by reference into this claim, Defendants have no way to determine what acts each of them allegedly undertook to

violate USERRA. Therefore Defendants cannot meaningfully respond to this claim for relief. Accordingly, Defendants respectfully request that the Court order Plaintiff to provide a more definite statement regarding his violation for USERRA claim for relief. Had Plaintiff simply followed this Court's explicit order to avoid group pleading allegations and state facts explaining what each Defendant did, this request would not have been necessary.

## IV.

## CONCLUSION

Plaintiff's First Amended is hopelessly vague, unintelligible, and defective as a matter of law. Defendants respectfully request that the Court dismiss the First Amended Complaint because Plaintiff has not stated facts sufficient to support his claim against Defendants. Alternatively, Defendants respectfully request that the Court order Plaintiff to provide a more definite statement to cure the vague and ambiguous group allegations that prevent each Defendant from offering a meaningful response.

DATED: February 17, 2009        Respectfully submitted,

BROWN, WHITE & NEWHOUSE LLP

By _____
THOMAS M. BROWN
NANNINA L. ANGIONI
SYDNEY M. MEHRINGER

Attorneys for Defendants
CITY OF BELL, CITY OF BELL POLICE DEPARTMENT, ROBERT RIZZO, BRUCE D. PRAET, ANDY PROBST, MICHAEL CHAVEZ, ANTHONY MIRANDA, STEVE FINKELSTEIN, and SERGIO CAMACHO