BROWN, WHITE & NEWHOUSE LLP
THOMAS M. BROWN (Bar No. 117449)
tbrown@brownwhitelaw.com
NANNINA L. ANGIONI (Bar No. 238052)
nangioni@brownwhitelaw.com
SYDNEY M. MEHRINGER (Bar No. 245282)
smehringer@brownwhitelaw.com
333 South Hope Street, 40th Floor
Los Angeles, California 90071-1406
Telephone: 213-613-0500
Facsimile: 213-613-0550

Attorneys for Defendants
CITY OF BELL, CITY OF BELL POLICE
DEPARTMENT, ROBERT RIZZO, ANDY
PROBST, MICHAEL CHAVEZ, ANTHONY
MIRANDA, STEVE FINKELSTEIN, and
SERGIO CAMACHO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT "LEO" MCSWEENEY,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF BELL, A Public Entity; CITY OF BELL POLICE DEPARTMENT, A Public Agency; ROBERT RIZZO, as City Manager, ANDY PROBST, Individually and as Chief of Police; MICHAEL CHAVEZ, Individually and as the Assistance Chief of Police; ANTHONY MIRANDA, Individually and as a Captain; STEVE FINKELSTEIN, Individually and as a Captain; SERGIO CAMACHO, Individually and as a Lieutenant; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 08-7006-JFW (PLAx)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION:**<br><br>**(1) TO DISMISS THE FIRST AMENDED COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6), OR ALTERNATIVELY,**<br><br>**(2) FOR A MORE DEFINITE STATEMENT PURSUANT TO FED. R. CIV. P. 12(e)**<br><br>Complaint Filed: October 23, 2008<br><br>Date: March 16, 2009<br>Time: 1:30 p.m. |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In their Motion to Dismiss or in alternative for a More Definite Statement ("Motion"), Defendants established that Plaintiff's sole claim for relief in the First Amended Complaint ("FAC") based upon violation of the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*, is defectively pleaded. The FAC fails to allege specifically what actions each Defendant undertook to violate USERRA. Moreover, with respect to the individual Defendants Michael Chavez, Anthony Miranda, Steve Finkelstein, and Sergio Camacho, Plaintiff does not allege that they qualify as "employers" under USERRA, and thus does not state a claim against them.

Defendants ask this Court to either dismiss the FAC in its entirety or in the alternative, to dismiss the FAC against Defendants Michael Chavez, Anthony Miranda, Steve Finkelstein, and Sergio Camacho and to order a more definite statement as to Plaintiff's ambiguous and unintelligible claim.

## II. ARGUMENT

### A. PLAINTIFF DOES NOT STATE A CLAIM FOR RELIEF FOR VIOLATION OF USERRA BECAUSE THE FAC FAILS TO SPECIFY WHAT EACH DEFENDANT DID TO VIOLATE USERRA

Plaintiff attempts to circumvent the Court's prior orders regarding pleading this claim with particularity and specificity by claiming that Defendants' Motion is a wasteful exercise (Opposition, p. 4, line, 13) because it is an attempt to obtain early discovery at the pleading stage. However Plaintiff ignores that the Court stated at the previous hearing that Plaintiff's allegations impermissibly constituted group pleading. The Court indicated that it could not tell what each defendant allegedly did that violated USERRA. Instead of specifically describing each Defendant's conduct, Plaintiff merely pleads generally and ambiguously that "Defendants" constructively

terminated Plaintiff, failed to provide Plaintiff with employment benefits, deprived Plaintiff of his rights, privileges, and immunities, harassed, and retaliated and discriminated against Plaintiff. FAC ¶¶ 93, 95, and 96. The grouping of the Defendants together is especially egregious with respect to Defendant Rizzo. The FAC contains absolutely no allegations describing Rizzo's conduct beyond the fact that he is the City's Chief Administrative Officer and City Manager. *Id.* at ¶ 8.

Plaintiff's vague allegations do not attribute any specific acts or conduct to each Defendant sufficient to state a claim for violation of USERRA against them. Even when the general allegations are incorporated by reference into this claim, Defendants have no way to determine what acts each of them allegedly undertook to violate USERRA. Therefore Defendants cannot meaningfully respond to this claim for relief.

### B. PLAINTIFF DOES NOT STATE A CLAIM FOR RELIEF AGAINST DEFENDANTS MIRANDA, FINKELSTEIN, CAMACHO, AND CHAVEZ BECAUSE THEY DID NOT HAVE THE POWER TO HIRE OR TERMINATE PLAINTIFF

In order to hold an individual liable under USERRA, that person must have the power to hire and terminate an employee. Only "employers" are liable under USERRA. (38 U.S.C. § 4311(b) (an employer cannot discriminate against an employee for taking actions protected by USERRA).) USERRA narrowly defines the term "employer" as follows:

> "any person, institution, organization, or other entity that pays salary or wages for work performed or that has control over employment opportunities, including – a person, institution, organization, or other entity to whom the employer has delegated the performance of employment-related responsibilities ..." 38 U.S.C. §4303(4)(A),

Accordingly, only persons who pay a salary or wages or that control employment opportunities, including persons to whom the employer has delegated the

performance of employ-related responsibilities, can be liable under USERRA. Various courts have interpreted the element regarding controlling employment opportunities to mean that the individual must have the ability to hire and terminate.

Plaintiff claims that *Satterfield v. Borough of Schuylkill Haven,* 12 F.Supp.2d 423 (E.D. Pa. 1998) is not applicable and that *Novak v. Mackintosh,* 919 F.Supp. 870 (D.S.D. 1996) applies to establish that the individual Defendants are "employers" under USERRA. He is mistaken.

In *Satterfield,* plaintiff sued the town, the town council and individual council members for a variety of state law claims and USERRA violations. Plaintiff argued that the council members were proper defendants because in *Novak*, the court held that the plaintiff's employer, who was the president of the company and was the person to whom the plaintiff was directly responsible, qualified as an "employer" under USERRA. 12 F.Supp. at 438. However, *Satterfield* found *Novak* inapplicable because in *Novak*, the employer was directly responsible for the plaintiff, whereas *Satterfield* held that individual council members were not proper defendants since they "had no individual power over the Plaintiff." *Id.* In *Satterfield*, "[t]he Plaintiff was not required to report to any of them individually. Rather, the entity which hired, directly supervised, and eventually fired the Plaintiff was the Borough Council itself." *Id.* Plaintiff's allegations do not meet these standards for an "employer" under USERRA.

In *Brandsasse v. City of Suffolk, Va.,* 72 F.Supp.2d 608 (E.D. Va. 1999), plaintiff sued both the City of Suffolk and Dodson, its Director of Personnel. The court stated that "[a]s Director of Personnel, Dodson has authority over hiring and firing for the City . . . ." and therefore was within the statutory definition of an "employer." *Id.* at 618. The court relied on *Jones v. Wolf Camera, Inc.* 1997 WL 22678, 2 (N.D.Tex. 1997) and *Satterfield* for its conclusion that a person who has "authority over hiring and firing for the City" has individual liability under USERRA. *Id.*

1    In his Opposition, Plaintiff argues that *Brandsasse* supports his position
2 because in that case, the court determined that the USERRA claim was properly pled
3 against the City and its Director of Personnel because the complaint alleged that
4 Dodson denied his request for an accommodation. Opposition at p. 6. However, in
5 *Brandsasse*, the reason the claim was sufficient against Dodson was not because he
6 allegedly denied an accommodation, but because Dodson had hiring and firing
7 authority over the plaintiff. *Brandsasse*, 72 F.Supp.2d at 618.

8    As articulated in Defendants' Motion, Plaintiff fails to allege any facts which
9 suggest that Defendants Miranda, Finkelstein, Camacho, and Chavez had hiring or
10 firing power over Plaintiff. As to Defendant Finkelstein, Plaintiff only alleges that
11 Finkelstein interviewed Plaintiff about the misconduct Plaintiff allegedly observed
12 and that he interfered with Plaintiff's access to certain safety and employment gear.
13 FAC ¶¶ 52 and 73. Plaintiff alleges that Defendant Camacho warned Plaintiff after
14 he returned from military leave that he should "change his ways" and allegedly made
15 rude comments about Plaintiff. *Id.* at ¶¶ 38 and 71. Plaintiff alleges that Chavez was
16 angry about Plaintiff's military leave and that he attended the meeting where Plaintiff
17 was terminated. *Id.* at ¶¶ 33, 36, and 55. None of these allegations remotely suggest
18 that Defendants Finkelstein, Camacho, and Chavez had any control over Plaintiff.

19    With respect to Defendant Miranda, Plaintiff alleges that he ordered Plaintiff to
20 work on the graveyard shift. *Id.* at ¶ 75. Although this suggests Miranda had some
21 limited control over Plaintiff's work schedule, it is insufficient to establish that
22 Miranda had control over hiring and firing, as required by USERRA. Plaintiff
23 alleges that the City hired Plaintiff and Defendant Probst fired him. FAC at ¶¶ 29
24 and 55. Therefore Plaintiff's allegation that Miranda ordered him to remain on the
25 graveyard shift is insufficient to hold Miranda individually liable under USERRA, as
26 Miranda's alleged ability to influence a work schedule is not the equivalent of the
27 power to hire or fire.

28

Plaintiff suggests that based on *Novak*, a mere supervisor can be liable under USERRA. However Plaintiff fails to appreciate that in *Novak*, the individual defendant was the president of the company who obviously had hiring and firing authority. Moreover, *Satterfield* specifically held that *Novak* was not applicable to a situation where the individual did not have any hiring or firing authority. 12 F.Supp.2d at 438. Here, Defendants Miranda, Finkelstein, Camacho, and Chavez clearly do not have hiring or firing power over Plaintiff and thus they are not proper defendants in this USERRA action.

## III. CONCLUSION

Plaintiff's First Amended Complaint is hopelessly vague, unintelligible, and defective as a matter of law as to all Defendants. Therefore Defendants respectfully request that the Court dismiss the First Amended Complaint. Alternatively, Defendants Miranda, Finkelstein, Camacho, and Chavez respectfully request that the Court order dismiss the First Amended Complaint against them because they are not properly named Defendants. Moreover, Plaintiff should provide a more definite statement to cure the vague and ambiguous group allegations that prevent each Defendant from offering a meaningful response.

DATED: March 9, 2009          Respectfully submitted,

BROWN, WHITE & NEWHOUSE LLP

By _____
THOMAS M. BROWN
NANNINA L. ANGIONI
SYDNEY M. MEHRINGER

Attorneys for Defendants
CITY OF BELL, CITY OF BELL POLICE DEPARTMENT, ROBERT RIZZO, ANDY PROBST, MICHAEL CHAVEZ, ANTHONY MIRANDA, STEVE FINKELSTEIN, and SERGIO CAMACHO

- 5 -   DEFTS' REPLY ISO MOTION TO DISMISS PLTF'S 1ST AM COMPLAINT OR FOR A MORE DEFINITE STATEMENT

24795.1 / 00037.6730